GEO–CON, INC., Plaintiff,

v.

UNITED STATES of America, et al., Defendants.

Civ. A. No. 91–3315 SSH.

United States District Court, District of Columbia.

Jan. 8, 1992.

John W. Polk, Baker & McKenzie, Washington, D.C., for plaintiff.

Asst. U.S. Atty. Richard N. Reback, U.S. Atty.'s Office, Civ. Div., Washington, D.C., for defendants.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This matter is before the Court on plaintiff's motion for a preliminary injunction. On consideration of the entire record, including the parties' arguments at the hearing held on January 7, 1992, the Court denies plaintiff's motion.

The parties agree to the material facts as follows. On April 19, 1991, the United States Army Corps of Engineers, Kansas City District, issued Solicitation No. DACW41–91–B–0029, inviting sealed bids for a hazardous waste remediation project. The solicitation provided that the contract for the project would be awarded to the lowest responsive and responsible bidder. When the bids were opened on December 4, 1991, plaintiff Geo–Con, Inc., was the lowest responsive bidder. On December 9, 1991, Geo–Con provided information to the Contracting Officer, Colonel Wilbur H. Boutin, Jr., for a pre-award survey. Geo–

Con checked the status of the survey on December 16, 1991, and was told that it was "moving along." On the same day, the Contracting Officer issued a "Determination & Finding of Rejection of Low Bidder for Non–Responsibility." The Contracting Officer immediately awarded the contract to Sevenson Environmental Services, Inc., the second-lowest bidder. Geo–Con learned of the determination of non-responsibility and the award of the contract on December 23, 1991, in a second telephone conversation to check on the status of the pre-award survey.

The Contracting Officer relied on two factors to reach his determination of non-responsibility. First, he noted that Geo–Con received an unsatisfactory performance evaluation for work on a project for the Army Corps of Engineers at the Bruin Lagoon Superfund Site. Second, the Contracting Officer noted that two former Geo–Con employees pleaded guilty to conspiracy to defraud the United States in connection with that project. The record before the Contracting Officer included a Notice of Unsatisfactory Performance on the Bruin Lagoon project dated October 4, 1991, Geo–Con's eight-page response to that Notice dated October 25, 1991, and the final unsatisfactory performance evaluation dated December 9, 1991.[1] The record also included newspaper articles regarding the allegations against Geo–Con's two ex-employees, the indictments against them, and copies of their plea agreements.

In an affidavit provided for this motion, the Contracting Officer thoroughly outlined the reasons that he considered the unsatisfactory performance rating and the indictment of Geo–Con's employees significant. The affidavit cites specific performance criteria on which Geo–Con was rated unsatisfactory and explains their relevance to the project in Essex County. In the affidavit and in the Final Determination of Non-responsibility, the Contracting Officer stresses the importance of effective management, timeliness and maintaining public confidence for success on the Essex County project. The Contracting Officer

also notes his opinion that the fraud indictments against Geo–Con's employees place its business integrity in question.

Geo–Con filed this action seeking preliminary and permanent injunctive relief on December 27, 1991. Geo–Con alleges that the Contracting Officer's reliance on the unsatisfactory performance rating for Bruin Lagoon was arbitrary and capricious. Geo–Con further asserts that the non-responsibility determination is a *de facto* debarment in that as the Contracting Officer relied on a finding that Geo–Con's business ethics are questionable.

To succeed on a motion for a preliminary injunction, a plaintiff must establish four factors: (1) a substantial likelihood of success on the merits, (2) the plaintiff will suffer irreparable injury if the preliminary relief is denied, (3) the issuance of an injunction will not cause significant harm to the defendants or others, and (4) the public interest favors the interim relief. *Foundation on Economic Trends v. Heckler*, 756 F.2d 143, 151 (D.C.Cir.1985); *Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C.Cir.1977); *Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n*, 259 F.2d 921, 925 (D.C.Cir.1958).

■ Plaintiff has not established a substantial likelihood of success on the merits of its claim. In cases challenging the award of a government contract, the standard of review of the contracting officer's decision is narrow. "The Court's role … is limited to determining whether the agency acted in accord with applicable statutes and regulations and had a rational basis for its decisions." *Delta Data Sys. Corp. v. Webster*, 744 F.2d 197, 204 (D.C.Cir.1984); *accord Old Dominion Dairy Products, Inc. v. Secretary of Defense*, 631 F.2d 953, 960 (D.C.Cir.1980); *Kentron Hawaii, Ltd. v. Warner*, 480 F.2d 1166 (D.C.Cir.1973). The Court may not conduct a *de novo* review of the facts, but rather must limit its review to the administrative record. *See Delta Data Sys. Corp.*, 744 F.2d at 204; *Kentron*, 480 F.2d at 1166.

---

**1.** Geo–Con apparently did not receive a copy of the final notice until defendants filed it as an exhibit in this case.

■ Plaintiff has not made a strong showing that the Contracting Officer's determination of non-responsibility was contrary to the applicable regulations or lacked a rational basis. The Federal Acquisition Regulations provide:

A prospective contractor that is or recently has been seriously deficient in contract performance shall be presumed to be non-responsible, unless the contracting officer determines that the circumstances were properly beyond the contractor's control or that the contractor has taken appropriate corrective action.... The contracting officer shall consider the number of contracts involved and the extent of deficiency of each in making this evaluation.

48 C.F.R. 9.104–3(c) (1991). The Contracting Officer considered the final unsatisfactory evaluation an indication of recent deficient performance. Geo–Con maintains that the Contracting Officer failed to consider its satisfactory performance on other projects and its steps to correct the problems with Bruin Lagoon. Geo–Con's eight-page response to the initial notice of unsatisfactory performance, which cited both those factors, is part of the administrative record. In the absence of contrary evidence, the Court assumes that the Contracting Officer considered that portion of the record before him. Thus, plaintiff has not demonstrated that the Contracting Officer's determination was inconsistent with the Federal Acquisition Regulations. Furthermore, the Contracting Officer's affidavit, albeit prepared subsequent to his determination, demonstrates that he carefully considered the record in making his decision. At this stage, therefore, plaintiff has not made a strong showing that the Contracting Officer's determination of non-responsibility lacked a rational basis.

■ Plaintiff also has not established a substantial likelihood of success on the merits of its claim that the Contracting Officer's determination constituted a *de facto* debarment in violation of due process. "Where a person's good name,

reputation, honor or *integrity* is at stake because of what the Government is doing to him, notice and an opportunity to be heard are essential." *Old Dominion*, 631 F.2d at 963; *See MCI Constr., Inc. v. NASA*, 1991 WL 251858 (D.D.C. November 12, 1991). Thus, a contractor has a right to notice of its alleged lack of integrity and an opportunity to refute that allegation before it is denied the opportunity to participate in a government contract. *See Old Dominion*, 631 F.2d at 963–64; *Related Indus., Inc. v. United States*, 2 Cl.Ct. 517 (1983); *MCI*, 1991 WL 251858.

Geo–Con contends that the Contracting Officer's determination rested on a finding that it lacked integrity and amounts to a *de facto* debarment. However, in contrast to *de facto* debarment cases in which contractors have lost several government contracts,[2] the disqualification in this case is limited to one award. *See Community Economic Dev. Corp. v. United States*, 577 F.Supp. 425, 428 (D.D.C.1983). Although the Contracting Officer noted that Geo–Con's business ethics had fallen into question following the indictment of its former employees, that point was secondary to his concerns regarding Geo–Con's performance at Bruin Lagoon. Finally, through the initial Notice of Unsatisfactory Performance, Geo–Con was aware that the indictment of its former employees placed its integrity in doubt with the Corps of Engineers. Geo–Con had an opportunity to respond to the initial notice in its eight-page letter, which the Contracting Officer reviewed in reaching his determination. For these reasons, plaintiff has not made a sufficient showing of *de facto* debarment or of a denial of due process to warrant issuing an injunction. Accordingly, without feeling a need to reach the question of irreparable injury, it hereby is

ORDERED, that plaintiff's motion for a preliminary injunction is denied.

SO ORDERED.

---

2. *See, e.g., Old Dominion*, 631 F.2d 953; *Leslie and Elliott Co. v. Garrett*, 732 F.Supp. 191 (D.D.C.1990); *Art–Metal–USA, Inc. v. Solomon*, 473 F.Supp. 1 (D.D.C.1978).