**DYNAMIC AVIATION, et al., Plaintiffs,**

v.

**DEPARTMENT OF the INTERIOR, et al., Defendants.**

**Civ. A. No. 94–2455 (JR).**

United States District Court, District of Columbia.

Aug. 29, 1995.

Sam Zalman Gdanski, Suffern, NY, for plaintiffs.

Stacy M. Ludwig, U.S. Attorney's Office, Washington, DC, for defendants.

## MEMORANDUM AND OPINION

ROBERTSON, District Judge.

Plaintiff Jim Richards operates a helicopter and does business as Dynamic Aviation. He seeks relief for what he claims has been his *de facto* debarment from government contracts in violation of his Fifth and Fourteenth Amendment rights. He appears to seek review of agency action under the Administrative Procedure Act. Before the Court is the motion of the government defendants for summary judgment [8]. For reasons stated in this opinion, the government's motion will be granted in part and denied in part.

### FACTS

Plaintiff lives in Utah and has ownership rights in a helicopter. He seeks government work of the type he did prior to August 19, 1992. On that date, DOI's Office of Aviation Services revoked for a period of one year plaintiff's pilot and aviation "cards," the credentials that allowed him to perform government contract work as a licensed pilot. Three years have now passed, and plaintiff is still cardless. Plaintiff cannot be issued "cards" unless his pilot skills are re-tested and his helicopter is re-inspected, but OAS refuses to perform the requisite test and inspection until a federal bureau specifically requests plaintiff's services.

OAS contracts both "formally" and "informally." It is not necessary to be carded before bidding on a formal contract, but a successful bidder must obtain pilot and aircraft qualification cards before performing.

Informal contracts—which are the subject of plaintiff's claim here—are not awarded unless the vendor is carded. Thus, if a bureau requests a vendor's services, and if OAS is able to verify the bureau's need for aviation services, a "basic ordering agreement" (BOA) is issued as the authority for the bureau to order, and the vendor to perform, informal contract work.

## DISCUSSION

■ Several aspects of plaintiff's complaint may be disposed of quite directly: the only proper defendant is the Secretary of the Interior. 5 U.S.C. § 702. Plaintiff is not entitled to money damages, *Dorsey v. United States Dept. of Labor,* 41 F.3d 1551 (D.C.Cir. 1994), or to a jury trial, *Lehman v. Nakshian,* 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981). Plaintiff has no Fourteenth Amendment rights against the United States Government, *Bolling v. Sharpe,* 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954), nor does he have a Fifth Amendment-protected property interest in a card or in any future government contract. *Old Dominion Dairy Products, Inc. v. Secretary of Defense,* 631 F.2d 953, 962 (D.C.Cir.1980); *Arrow Air, Inc. v. United States,* 649 F.Supp. 993, 999 (D.D.C. 1986).

Plaintiff's claim of debarment requires closer scrutiny, however. The government points to the fact that plaintiff has not bid on any formal contract since the date his suspension was lifted on September 1, 1993, and argues correctly that *de facto* debarment has generally been found only where the party claiming debarment bid on and was denied more than one contract. *See, Leslie and Elliott Co. v. Garrett, et al.,* 732 F.Supp. 191, 197 (D.D.C.1990); *Geo–Con, Inc. v. United States,* 783 F.Supp. 1, 3 (D.D.C.1992). The government is also correct that "for purposes of applying the Fifth Amendment due process guarantee, the triggering event is the adverse action." (Government's Motion at 14).

■ The question—which appears to present or incorporate genuine issues of material fact—is whether plaintiff has been subjected to "adverse actions" by operation of the homemade rules of OAS or by the acts of individuals precluding him from participation in OAS contracting. *Cf. Gonzalez v. Freeman,* 334 F.2d 570 (D.C.Cir.1964) (allegation of facts which reveals absence of legal authority or basic fairness in method of imposing debarment from participating in contracts presents justiciable controversy under 5 U.S.C. § 704 even if it is not an agency action for which Congress specifically provided judicial review).

"Catch 22" is not too strong a term for the situation in which plaintiff finds himself.[1] A card is "necessary, practical and required in order for a pilot to be available on a call when needed basis and/or to be utilized under a basic agreement." (Plaintiff's Supplemental Opposition at 1). Plaintiff cannot get a card unless OAS "decides to establish a BOA." (Government's Motion at 16). OAS will not establish a BOA unless some bureau requests plaintiff's services. (*Id.* at 17). And, plaintiff asserts, no bureau will request plaintiff's services unless he has his card.

DOI defends this entirely circular process by reference to its rules, for which even DOI cannot find a label more defined than "collection of internal ... operating procedures" (Stivison affidavit ¶ 5).[2] DOI's unpublished set of rules provides no standard for OAS' decisions whether to establish a BOA. The cited sections do not even mention BOAs. (*Id.* ¶ 17).

The personal role of Samuel R. Stivison in plaintiff's inability to get work is also called into question by a conflict in DOI's own discovery responses. Compare, *e.g.,* the responses of Mr. Stivison, the OAS contracting officer who allegedly steered business away from plaintiff, with that of Garth Leishman, an official of the Soil Conservation Service, who allegedly requested plaintiff's services. Plaintiff's interrogatory # 30 asks Mr. Stivi-

---

1. The term is perhaps not exactly on point. It refers generally to the bureaucratic quagmire in which Joseph Heller's anti-hero Yossarian found himself, but Yossarian was trying to get *out* of flying.

2. It is noteworthy that the government also argues that APA review is not available because its procedures are not law.

son to "[i]dentify during the Spring of 1994 whether you told Garth Leishman that the OAS does not want to do business with Jim Richards...." Mr. Stivison answers "I did not tell Mr. Leishman that OAS did not want to do business with Mr. Richards." Plaintiff's interrogatory # 17 asks Mr. Leishman to "[i]dentify and state whether Sam Stivison told [you] during 1994 that OAS did not want to do business with Jim Richards...." Mr. Leishman responds "... Mr. Stivison told me that OAS did not want to card Mr. Richards at that time."

There appear to be genuine issues of material fact that preclude summary judgment on plaintiffs' debarment claims. An appropriate order will issue with this opinion.

### ORDER

Upon consideration of the parties' arguments at a motions hearing held on February 10, 1995, the entire record, and for the reasons stated in the Court's opinion issued herewith, it is this 28th day of August, 1995, **ORDERED** that

1. Defendants' motion to dismiss is granted as to all defendants except the Secretary of the Interior;

2. Plaintiffs' Fourteenth Amendment claim is dismissed;

3. Plaintiffs' Fifth Amendment property interest claim is dismissed;

4. Plaintiffs' claim for monetary relief and jury demand are stricken;

5. Defendants' motion to dismiss or for summary judgment [8] on plaintiffs' claim of debarment is **DENIED;**

6. A pre-trial conference will be held at 9:30 a.m. on October 16, 1995.

7. Trial will commence at 9:30 a.m. on October 23, 1995.